IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE, #326-514
    Plaintiff        :

    v.                              : CIVIL ACTION NO. CCB-08-1790
                                 (Consolidated with CCB-08-3452, CCB-09-240
WARDEN                       : and CCB-09-385)
    Defendant

**<u>MEMORANDUM</u>**

The above-captioned civil rights cases were filed by frequent litigator Warren Chase,[1] a Maryland Division of Correction prisoner transferred to the maximum security North Branch Correctional Institution (NBCI) in April of 2008. Chase seeks injunctive relief, including investigation and his transfer to a prison more to his liking, and alleges *inter alia* that "renegade" corrections personnel (1) tamper with and destroy his legal and personal mail and (2) allow his meals to be subjected to tampering, including poisoning.[2] In addition to defendant's motion seeking to invalidate plaintiff's in forma pauperis status (ECF No. 57), defendant's dispositive motion, treated as a motion for summary judgment (ECF No. 58) and plaintiff's opposition to the motion (ECF No. 61) are pending. A hearing is not required for disposition of this case. *See* Local Rule 105.6. (D. Md. 2011).

Defendant notes that Chase has had "three strikes" imposed under the Prison Litigation Reform Act (PLRA) and thus cannot initiate proceedings in forma pauperis absent allegations of

---

[1] Subsequent to the filing of this action, the undersigned assessed a third "strike" against Chase pursuant to 28 U.S.C. § 1915(e). Thus, Chase is barred from proceeding *in forma pauperis* in all future lawsuits absent an allegation of imminent physical harm. The first "strike," *Chase v. Sanders, et al.,* Civil Action No. CCB-02-2141 (D. Md.), was dismissed on July 3, 2002. *Chase v. Everd*, Civil Action No. CCB-07-2581 (D. Md.) was dismissed on January 14, 2008. *Chase v. Baynes*, Civil Action No. CCB-09-691 (D. Md.) was dismissed on March 20, 2009.

[2] Chase has filed requests for injunctive relief alleging incidents arising during the summer of 2011. ECF Nos. 56, 60 and 64. These incidents appear linked to a melee that resulted in criminal charges being placed against Chase. *See Chase v. Heavener,* Civil Action No. CCB-11-2169 (D. Md.). They are in no way related to the underlying complaint and shall not be examined here.

imminent physical danger. As imminent physical danger is not demonstrated here, he argues, Chase should be required to pay the full filing fee before further action is taken on this case. The court will not impose this penalty here, as the lead case, Civil Action No. CCB-08-1790, was initiated (and in forma pauperis status granted) prior to the issuance of the third "strike."

Turning to the issues of this case, the court finds that Chase's claim that his food is subjected to tampering and may be poisoned has been the subject of recent litigation and found unavailing. *See Chase v. Warden*, Civil Action No. CCB-09-1523 (D. Md.), Memorandum dated August 5, 2009, ECF No. 6 at 3. Nothing in the record supports Chase's belief that he has been poisoned and, accordingly, defendant shall be granted summary judgment on this claim.

Similarly, Chase's claim of mail tampering fails. To date, he has filed more than 100 cases in this court, many with multiple motions requesting injunctive relief. Typically, Chase will mail injunctive relief requests to the Clerk without placing an existing case number on the paperwork. If courthouse staff cannot discern the case in which the paperwork should be docketed (because it addresses a new concern or allegation not covered by existing cases), the paperwork sometimes is opened as a new civil case. Chase's improper practices – not misconduct on the part of "renegade" corrections personnel – are the root cause explaining why pleadings may not be deemed "filed" in various cases. Chase points to no litigation subject to dismissal because the court did not consider the appropriate motions. His request for federal intervention into the processing of prisoner mail at NBCI provides no basis for relief and shall be denied. A separate order follows.

Date: August 22, 2011                             /s/
                                                  Catherine C. Blake
                                                  United States District Judge